Filed 11/21/22  P. v. Powers CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080571 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF10001948) |
| NATHAN LEE POWERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Nathan Powers, in pro. per.; and Kimberly J. Grove, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2013, a jury convicted Nathan Powers of second degree murder (Pen. Code,[1] § 187) and found true an allegation that he personally and intentionally discharged a firearm causing death or great bodily injury

---

[1]    All further statutory references are to the Penal Code.

(§ 12022.53, subd. (d)). Powers was sentenced to an indeterminate term of 15 years to life for murder plus 25 years to life for the firearm enhancement.

Powers appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Powers* (Aug. 28, 2015, D068043).)

In April 2022, Powers filed a petition for resentencing under section 1170.95 (now renumbered 1172.6). The court appointed counsel and held a hearing. The prosecutor requested dismissal stating, "It's our motion for the Court to deny the petition at this point. Appellate opinion and jury instructions are both in imaging. The defendant was found guilty of attempted murder [*sic*] for shooting the victim during a rap video. He says he shot the victim in self-defense. There's no instruction on aiding and abetting, felony murder, or natural and probable consequences given."

Defense counsel advised the court that the prosecutor's representations were accurate. Based on the record, as agreed by counsel, the court found Powers had not stated a prima facie case for relief under section 1172.6.

Powers appealed the order denying his petition.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Powers the opportunity to file his own brief on appeal. He has responded with a supplemental letter brief. We will discuss his brief later in this opinion.[2]

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and

---

[2] The facts of the offense were discussed in our prior opinion. We will not discuss them again in our current opinion.

in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following issues which were considered in evaluating the potential merits of this appeal:

1. Whether Powers's petition established a prima facie case for relief under section 1172.6.

2. Whether the trial court's summary denial of the petition violated state and federal due process.

3. Whether the trial court prejudicially erred in failing to state reasons for its decision denying Powers's petition.

4. Whether the trial court prejudicially erred in relying on the representations of counsel regarding the state of the record of conviction.

Powers submitted a supplemental brief in which he complained about the original trial. He alleges error at trial by the trial judge, the prosecutor, and defense counsel. He does not raise any issues regarding the denial of his petition for resentencing, which is the only trial proceeding involved in this appeal. Powers has not raised any arguable issues for reversal of the order denying his petition for resentencing.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Powers on this appeal.

## DISPOSITION

The order denying Powers's petition for resentencing under section 1172.6 is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.

4